**David F. Sugerman** (OSB No. 862984)
**Nadia H. Dahab** (OSB No. 125630)
SUGERMAN LAW OFFICE
707 SW Washington Street, Suite 600
Portland, OR 97205
Telephone: (503) 228-6474
david@sugermanlawoffice.com
nadia@sugermanlawoffice.com

**Randolph T. Chen** (D.C. Bar No. 1032644) (*pro hac vice* forthcoming)
PUBLIC JUSTICE, PC
1620 L Street NW, Suite 630
Washington, D.C. 20036
Telephone: (202) 797-8600
rchen@publicjustice.net
dmuraskin@publicjustice.net

*Counsel for the National Black Farmers Association*
*and the Association of American Indian Farmers*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| KATHRYN DUNLAP, et al., | Case No.: 2:21-cv-00942-SU |
| Plaintiffs, | |
| v. | **THE NATIONAL BLACK FARMERS ASSOCIATION AND THE ASSOCIATION OF AMERICAN INDIAN FARMERS' UNOPPOSED CONDITIONAL MOTION FOR LEAVE TO INTERVENE AS DEFENDANTS AND REQUEST TO DEFER CONSIDERATION OF CONDITIONAL MOTION** |
| THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, et al., | |
| Defendants. | |

## LOCAL RULE 7-1 CERTIFICATION

Counsel for the National Black Farmers Association (NBFA) and the Association of American Indian Farmers (AAIF) certify that they conferred with all parties on the issues raised in this Conditional Motion for Leave to Intervene ("Conditional Motion").  Plaintiffs do not oppose the filing of the Conditional Motion as a placeholder motion to secure timeliness, but reserve the right to oppose any later request to intervene.  Defendants do not oppose the Conditional Motion and do not believe that the interests of the Government diverge from those of NBFA and AAIF.

## MOTION

Pursuant to Federal Rule of Civil Procedure ("Rule") 24, the National Black Farmers Association (NBFA) and the Association of American Indian Farmers (AAIF) respectfully file this Conditional Motion for Leave to Intervene as Defendants in this action.  Because NBFA and AAIF presently share the same ultimate objective as the Government in defending the law challenged in this action, NBFA and AAIF respectfully request that the Court defer consideration of the Conditional Motion until future developments in this lawsuit indicate that the organizations' interests diverge from the Government's.

NBFA and AAIF file this Conditional Motion pursuant to the approach set forth by the Seventh Circuit in *Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers*, 101 F.3d 503 (7th Cir. 1996).  There, a plaintiff sued to challenge a federal agency's denial of a water permit, and a citizens' group moved to intervene to defend the agency's decision.  *Id.* at 504. The Seventh Circuit denied the request because the putative-intervenor and the agency shared the interest of defending the permitting decision and thus, "adequacy of representation [was] presumed."  *Id.* at 508.  But the court was also "sympathetic to the aspiring intervenor's concern that at some future point in this litigation, the government's representation of their interest may

turn inadequate yet it would be too late to do anything about it." *Id.*  The court offered a hypothetical example where the Government declined to appeal an unfavorable decision—at which point its representation of the putative-intervenor's interests "could well be thought inadequate." *Id.*  The court thus set out the following solution:

> The proper way to handle such an eventuality is for the would-be intervenor, when as here no present inadequacy of representation can be shown, to file at the outset of the case a <u>standby or conditional application for leave to intervene and ask the district court to defer consideration of the question of adequacy of representation</u> until the applicant is prepared to demonstrate inadequacy.

*Id.* at 509 (emphasis added).

NBFA and AAIF are in a similar posture.  They presently share the same objective as the Government in defending the laws challenged by this action, but it remains possible that at some future point, the Government's handling of this litigation may become inadequate.  NBFA and AAIF thus file this Conditional Motion pursuant to the approach set out in *Army Corps.*  NBFA and AAIF further request the Court defer consideration of the motion until future developments in this lawsuit demonstrate that the organizations' interests diverge from the Government's.

Pursuant to Rule 24, this Conditional Motion is accompanied by the memorandum of law set forth below and a proposed pleading that sets out the claim or defense for which intervention is sought.

## MEMORANDUM OF LAW

This case challenges a section of the American Rescue Plan Act of 2021 (the "Act"), a law aimed at remedying the devastating effects of the COVID-19 pandemic by providing $1.9 trillion in financial relief to American individuals and industries harmed by the ongoing health crisis.  *See* The White House, *Am. Rescue Plan,* https://www.whitehouse.gov/american-rescue-plan/.  The Act allocates approximately $10.4 billion to programs aimed at strengthening the agricultural and food

supply chain and includes provisions funding the purchase and distribution of agricultural commodities and providing grants to rural communities to fund programs related to healthcare and nutrition. *See What's in the Am. Rescue Plan Act of 2021 for Ag.?* Am. Farm Bureau Fed. (Mar. 8, 2021), https://www.fb.org/market-intel/whats-in-the-american-rescue-plan-act-of-2021-for-agriculture.

Plaintiffs challenge Section 1005 of the Act, which provides financial relief to "socially disadvantaged farmers and ranchers." Section 1005 provides loan forgiveness, authorizing the U.S. Department of Agriculture ("USDA") to "provide a payment in an amount up to 120 percent of the outstanding indebtedness of each socially disadvantaged farmer or rancher" on direct farm loans made by USDA and on farm loans guaranteed by USDA. Section 1005(a)(2). Plaintiffs allege that Section 1005 "violates the equal protection component of the Due Process Clause of the Fifth Amendment to the U.S. Constitution." Compl., ECF 1, at 14. They request that the Court declare the law unconstitutional and permanently enjoin the government from "enforcing the 'socially disadvantaged' provisions of Section 1005." *Id.* at 16–17.

NBFA and AAIF are nonprofit, membership-based organizations dedicated to advancing the interests of Black and Native American farmers, respectively. Declaration of John Boyd, Jr. in Support of NBFA and AAIF Motion to Appear as *Amicus Curiae* and Conditional Motion to Intervene ("J. Boyd Decl.") ¶¶ 3–4; Declaration of Kara Boyd in Support of NBFA and AAIF Motion to Appear as *Amicus Curiae* and Conditional Motion to Intervene ("K. Boyd Decl.") ¶¶ 3–4. NBFA has a national membership of over 116,000 members, comprised largely of Black farmers and ranchers. Those members direct the organization's actions by voting on agenda items and resolutions at annual meetings. J. Boyd Decl. ¶ 3. AAIF has a national membership of over 350 members, comprised largely of Native American farmers and ranchers. K. Boyd Decl. ¶ 3.

AAIF's activities are directed by its members through regional representatives, who vote on their constituent members' behalf to determine the organization's agenda. *Id.* ¶ 4.

NBFA's mission is to advocate for the interests of Black farmers and ranchers, which has included improving Black farmers and ranchers' access to public and private loans and education regarding civil rights and land retention. J. Boyd Decl. ¶ 4. NBFA President John Boyd, Jr. has advocated on the specific issue of debt relief for the organization's members for decades and has testified before Congress on the issue. *Id.* ¶ 5. NBFA has members who are eligible for Section 1005's loan forgiveness provisions. Declaration of Shade Mitchell Lewis in Support of NBFA and AAIF Motion to Appear as *Amicus Curiae* and Conditional Motion to Intervene ("Lewis Decl.") ¶ 9; Declaration of Ivan Isidore Williams in Support of NBFA and AAIF Motion to Appear as *Amicus Curiae* and Conditional Motion to Intervene ("Williams Decl.") ¶ 9.

AAIF's mission is to advocate for the interests of Native American farmers and ranchers. K. Boyd Decl. ¶ 5. AAIF advances its mission by promoting investment in Native American farmers and ranchers, as well as providing them with outreach, advocacy, and technical assistance. *Id.* AAIF President Kara Boyd has specifically advocated for the Act's debt forgiveness provisions, directly engaging with federal legislators to express the organization's support for the legislation and building support for the legislation by networking with other groups that advocate for the interests of Native American farmers. *Id.* ¶ 7. AAIF is aware that it has members who are eligible for Section 1005's loan forgiveness provisions. *See id.* ¶ 8.

This lawsuit has the potential to undo NBFA and AAIF's ongoing advocacy, leave their members in debt from which Congress intended them to be freed, and prevent them from receiving additional financial support designed to remedy a long history of discrimination that has already

cost NBFA and AAIF's members greatly.  To protect those interests, NBFA and AAIF file this Conditional Motion for Leave to Intervene pursuant to Rule 24(a) and (b).

## I.        Intervention as of Right

Rule 24(a)(2) provides that, "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

In the Ninth Circuit, an applicant seeking to intervene as of right under Rule 24 must demonstrate that four requirements are met: "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest."  *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).  An intervenor under Rule 24(a)(2) must meet the requirements of Article III standing only "if the intervenor wishes to pursue relief" distinct from the existing parties.  *See Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1648 (2017).

### A.        NBFA and AAIF have Article III standing.

To the extent it will prove necessary for intervention, NBFA and AAIF have standing. Under the associational standing doctrine, membership organizations like NBFA and AAIF may sue to redress their members' injuries when: (1) their members have standing to sue in their own right, (2) the interest the organizations seek to protect is germane to their purpose, and (3) neither

the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Sw. Ctr. for Bio. Diversity v. Berg*, 268 F.3d 810, 821 n.3 (9th Cir. 2001).

NBFA and AAIF's members have standing because they are the direct financial beneficiaries of the law this action seeks to enjoin. *See id.* (building trade association had standing to intervene and defend lawsuit challenging city conservation program because its members were "express third-party beneficiaries" of the program). Protecting this interest has been and remains core to NBFA and AAIF's missions. J. Boyd Decl. ¶¶ 4–9; K. Boyd Decl. ¶¶ 5–6. Defending the constitutionality of this law also does not require the individual participation of any of NBFA and AAIF's members. *See Hunt v. Wash. State Apple Ad. Comm'n*, 432 U.S. 333, 343 (1977) (action for "declaratory and injunctive relief" did not require individualized member participation). Therefore, NBFA and AAIF have Article III standing to participate in this action.

**B.    The Conditional Motion is timely.**

To determine whether NBFA and AAIF's motion is timely, the Ninth Circuit looks to three factors: (1) the stage of the proceeding; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984). Applications to intervene filed before the start of discovery are generally considered timely. *E.g.*, *Or. Envtl. Council v. Or. Dep't of Envtl. Quality*, 775 F. Supp. 353, 357–58 (D. Or. 1991) (motion to intervene timely when "[n]o discovery has taken place in this case").

This Conditional Motion is timely. First, this lawsuit is at a very early stage, and discovery has not yet commenced. Second, filing at this stage—where Defendant has yet to file a responsive pleading and no discovery has been conducted—is unlikely to prejudice any party. Third, NBFA and AAIF have not delayed in filing this application to intervene, as this Conditional Motion is being filed only three weeks this lawsuit was initiated.

**C.      NBFA and AAIF have a sufficient interest in this case.**

A putative intervenor establishes a "significant protectable interest" if "(1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). Thus, when a putative intervenor seeks to defend a law of which it is an "intended beneficiar[y]," the Ninth Circuit has found this factor satisfied. *See id.* In *Lockyer*, the State of California challenged the constitutionality of a federal law that blocked federal funding to state governments who discriminated against healthcare providers that refused to provide abortions. *Id.* at 439. Healthcare providers who objected to providing abortion services moved to intervene and defend the law. The Ninth Circuit granted the motion, holding the providers had established a protectable interest because they were the "intended beneficiaries" of the challenged law. *Id.* at 441; *see also Fresno Cty. v. Andrus*, 622 F.2d 436, 437 (9th Cir. 1980) (in lawsuit seeking to enjoin Department of Interior's promulgation of rules regarding land sales pursuant to federal land reclamation law, organization of small farmers could intervene as defendants because its members were "precisely those Congress intended to protect with the reclamation acts").

As in *Lockyer* and *Fresno County*, NBFA and AAIF's members are the direct and intended beneficiaries of the law this action seeks to enjoin. *E.g.*, Lewis Decl. ¶ 9; Williams Decl. ¶ 9; K. Boyd Decl. ¶ 7. NBFA and AAIF thus possess a sufficient interest in this case to justify intervention.

**D.      This case's disposition may impair NBFA and AAIF's interests.**

The Ninth Circuit has held that when a proposed intervenor would be "substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Citizens for Balanced Use*, 647 F.3d at 898. This is the case here. An

adverse resolution of this action would substantially affect NBFA and AAIF's members by preventing them from receiving the financial benefits conferred by the laws at issue in this case.

> **E.      The Government's representation may become inadequate at a future point.**

Where a putative intervenor and the Government share the same objective in defending a law, courts presume that the Government's defense is adequate. *Lockyer*, 450 F.3d at 443–44. For that reason, NBFA and AAIF have filed this motion to intervene on a conditional basis.

But the litigation remains at an early stage, and merits arguments are not yet fully developed. The presumption may be overcome, then, should the Government later advance arguments that demonstrate that its interests diverge from NBFA and AAIF's. For example, inadequacy of representation may be shown if the Government advances arguments that are adverse to NBFA and AAIF's interests, such as through compromise positions that limit NBFA and AAIF's members' access to financial benefits conferred by the challenged statutes or by failing to document USDA's history of discrimination. *See id.* (inadequate representation could be shown if Government "abandon[ed] or concede[d] a potentially meritorious reading of the statute"). Courts have also observed that the Government's decision not to appeal an adverse ruling in the case "could well be thought inadequate." *Solid Waste Agency*, 101 F.3d at 508.

Because this litigation is still at such an early stage, NBFA and AAIF have filed this motion to intervene on a conditional basis. Should later developments in this action demonstrate that NBFA and AAIF's interests diverge from the Government, NBFA and AAIF will renew their motion to establish inadequacy of representation, having already established the other factors above.

## II.    Permissive Intervention

NBFA and AAIF also meet the requirements of permissive intervention.  In the interests of judicial economy, they likewise request the Court defer ruling on this issue so it can be evaluated alongside any renewed motion to intervene as of right.

Rule 24(b) "requires only that an intervenor's claim or defense share a common question of law or fact with the main action and that the intervention will not unduly delay or prejudice the adjudication of the original parties' rights."  *Audubon Soc'y of Portland v. Jewell*, 2017 WL 9471665, at *5 (D. Or. Mar. 27, 2017) (internal quotations omitted).

As discussed above, this Conditional Motion is timely and will not delay or prejudice any of the existing parties given the early stage of the litigation.  NBFA and AAIF have also identified a common question of law in this case because they seek to intervene to defend the statute challenged by this lawsuit.  *See id.* (in lawsuit challenging legality of conservation plan issued by Department of Interior, permitting farmers affected by conservation plan to intervene as defendants because their "defenses share a common question of law or fact with the main action—specifically, the legality of the [conservation plan]").

For these reasons, NBFA and AAIF conditionally request that the Court exercise its discretion to allow for permissive intervention.  As above, NBFA and AAIF request that the Court defer ruling on permissive intervention until the organizations determine whether their Rule 24(a) motion will become ripe.

## CONCLUSION

For the foregoing reasons, NBFA and AAIF respectfully request the Court docket their Conditional Motion for Leave to Intervene as Defendants and defer consideration on the Conditional Motion pending future developments in this lawsuit.

Respectfully submitted this 13th day of July, 2021.

/s/ Nadia H. Dahab

**David F. Sugerman** (OSB No. 862984)
**Nadia H. Dahab** (OSB No. 125630)
SUGERMAN LAW OFFICE
707 SW Washington Street, Suite 600
Portland, OR 97205
Telephone: 503-228-6474
david@sugermanlawoffice.com
nadia@sugermanlawoffice.com

**Randolph T. Chen** (D.C. Bar No. 1032644)
(*pro hac vice* application forthcoming)
PUBLIC JUSTICE, PC
1620 L Street NW, Suite 630
Washington, D.C. 20036
Telephone: (202) 797-8600
rchen@publicjustice.net

*Counsel for the National Black Farmers
Association and the Association of American Indian
Farmers*