GARY D. FELDON (DC Bar #987142)

BRIAN M. BOYNTON
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director, Federal Programs Branch

EMILY SUE NEWTON
Senior Trial Counsel
KYLA M. SNOW
MICHAEL F. KNAPP
Trial Attorneys
United States Department of Justice, Federal Programs Branch
1100 L Street NW, Room 11104
Washington, DC 20530
Tel.: (202) 598-0905
Email: gary.d.feldon@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **KATHRYN DUNLAP** and **JAMES DUNLAP**,<br><br>                              *Plaintiffs*,<br><br>v.<br><br>**THOMAS J. VILSACK**, in his official capacity as U.S. Secretary of Agriculture; and **ZACH DUCHENEAUX**, in his official capacity as Administrator, Farm Services Agency,<br><br>                              *Defendants*. | Civil Action No. 2:21-cv-00942-SU<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY** |

There is no dispute that Plaintiffs Kathryn and James Dunlap are members of the certified classes in *Miller v. Vilsack*, 4:21-cv-595 (N.D. Tex.)—classes that are pursuing claims substantively identical claims to Plaintiff's here—that Plaintiffs have not tried to opt out of those classes or that Plaintiffs will be bound by a final judgment in *Miller*. *See generally* Pls.' Opp. to Defs.' Mot. to Stay Proceedings ("Opposition"), ECF No. 32. Despite the fact that they would suffer no harm from a stay here, Plaintiffs oppose one based on the novel right to have their claims simultaneously litigated in two district courts (thus providing Plaintiffs the potential opportunity to benefit from inconsistent judgments). As explained in Defendants' Motion to Stay and Memorandum in Support ("Motion"), ECF No. 16, it is precisely to prevent such duplicative litigation and potentially inconsistent results that courts in these circumstance routinely stay, or even dismiss, individual actions in favor of the related class action.

Plaintiffs oppose a stay primarily by arguing that the Court is not obligated to impose one, but they fail to undermine Defendants' showing that a stay is warranted here. Indeed, as courts regularly do in these circumstances, two district courts have already stayed individual challenges to ARPA § 1005 in light of the *Miller* class certifications. *Carpenter v. Vilsack*, 21-CV-00103-NDF, ECF No. 33 (D. Wyo.) (attached as Exhibit A); *Joyner v. Vilsack*, No. 1:21-cv-01089-STA-jay, ECF No. 21 (W.D. Tenn.) (attached as Exhibit B). For the same reasons those courts granted stays, so too should this Court.

### I. It Is Appropriate for the Court to Stay this Duplicative Litigation in Favor of the Pending Class Action in *Miller*.

#### A. <u>The Overwhelming Weight of Authority Supports the Entry of a Stay Pending Resolution of the Concurrent Class Action.</u>

As set forth in Defendants' Motion, courts "routinely" find it appropriate to stay a case brought by an individual plaintiff "where, as here, the claims made in [the] individual lawsuit overlap with the claims being pursued by a certified class of which the individual is a member."

*Richard K. v. United Behavioral Health*, 18-CV-6318 (GHW) (BCM), 2019 WL 3083019, at *7 (S.D.N.Y. June 28, 2019), *R&R adopted*, 2019 WL 3080849 (S.D.N.Y. July 15, 2019).[1] "[A]llow[ing] individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications." *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988).

Plaintiffs fail to engage with the overwhelming authority holding that courts should stay or dismiss class members' claims. Instead, they attempt to distinguish the cases on the ground that they concern only class members who are "latecomers who sat on their hands while a concurrent case proceeded well ahead." Pls.' Opp. to Def.'s Mot. to Stay Proceedings ("Opp."), ECF No. 32, at 16; *see also id.* at 3. However, while a plaintiff's dilatory conduct or another case's progression may be considerations favoring a stay, it is clear that they are not necessary. For example, in *Hollins v. Hendricks*, Magistrate Judge Beckerman stayed an individual plaintiff's case when the plaintiff became a class member in a case filed only a month earlier challenging the same conduct on a similar legal theory. 6:20-cv-00750-SB, 2021 WL 535842, at *1 (D. Or. Feb. 12, 2021). There is no suggestion in *Hollins* that the plaintiff delayed in bringing a claim or was dilatory in pursuing it, let alone that such a stay would be justified only if dilatory conduct had been proven on the part of the non-moving party. *See generally id.* Rather, without any reference to such conduct by the

---

[1] *See, e.g.*, *Wagner v. Speedway LLC*, No. 20 C 3014, 2021 WL 1192691, at *1 (N.D. Ill. Mar. 30, 2021); *Aleman ex rel. Ryder Sys., Inc. v. Sancez*, No. 21-cv-20539-BLOOM/Otazo-Reyes, 2021 WL 917969, at *2 (S.D. Fla. Mar. 10, 2021); *Hollins v. Hendricks*, No. 6:20-cv-00750-SB, 2021 WL 535842, at *2 (D. Or. Feb. 12, 2021); *Bouas v. Harley-Davidson Motor Co. Group, LLC*, No. 3:19-cv-1367-NJR, 2020 WL 2334336 (S.D. Ill. May 11, 2020); *Richard K.*, 2019 WL 3083019, at *7; *Gonzales v. Berryhill*, 18-cv-603, ECF No. 28 (D.N.M. Mar. 5, 2019); *Emerson v. Sentry Life Ins. Co.*, 18-cv-254-jdp, 2018 WL 4380988 (W.D. Wis. Sept. 14, 2018); *Jiaming Hu v. DHS*, No. 4:17-cv-02363-AGF, 2018 WL 1251911, at *4 (E.D. Mo. Mar. 12, 2018); *Guill v. All. Res. Partners, L.P.*, No. 16-CV-0424-NJR-DGW, 2017 WL 1132613, at *3 (S.D. Ill. Mar. 27, 2017); *McDaniels v. Stewart*, No. 3:15-CV-05943-BHS-DWC, 2017 WL 132454 (W.D. Wash. Jan. 13, 2017); *Bargas v. Rite Aid Corp.*, No. CV-13-03865-MWF (JEMx), 2014 WL 12538151 (C.D. Cal. Oct. 21, 2014); *Sanchez-Cobarrubias v. Bland*, No. CV609-005, 2011 WL 841082 (S.D. Ga. Mar. 7, 2011).

2

plaintiff, Judge Beckerman held that "staying th[e] litigation [would] conserve judicial resources by avoiding duplicative litigation . . . [and] not unduly prejudice the non-moving party." *Id.* at *2. The same holds true here.

Plaintiffs try to rebut that conclusion by attempting to distinguish this case from some of the cases Defendants cited for the proposition that courts routinely stay individual lawsuits when plaintiffs are members of a certified class. Opp. at 16-17. An examination of the cases, however, reveals that Plaintiffs' attempt lacks merit.

Initially, Plaintiffs take issue with the applicability of *Taunton Gardens*, 557 F.2d 877 (1st Cir. 1977), where a stay was found appropriate given the significance of the government program at issue and the multitude of similar lawsuits challenging that program across the country. Opp. at 16. Plaintiffs argue that *Taunton Gardens* is inapplicable because it was stayed only after the related class action (*Underwood v. Hills*, 414 F. Supp. 526 (D.D.C. 1976)) was resolved on the merits. But that was because the *Underwood* court issued one order that simultaneously certified the class, consolidated preliminary injunction proceedings with trial on the merits, and granted the class's motion for summary judgment. *Id.* at 531-32. That *Taunton Gardens* immediately followed this three-fold order does not undermine the relevance of its analysis to this case. Indeed, *Taunton Gardens* underscores that, in some circumstances, a stay may be warranted even where the individual plaintiff is *not* a member of the certified class. 557 F.2d at 878 (observing that *Taunton Gardens* plaintiffs were not part of the class certified in *Underwood*); *see also, e.g.*, *Bouas*, 2020 WL 2334336 (granting stay despite modified class definition that excluded individual plaintiffs).

Next, Plaintiffs take issue with the relevance of *Mackey v. Bd. of Educ. for Arlington Cent. Sch. Dist.*, 112 F. App'x 89, 91 (2d Cir. 2004), because its reasoning was sparse. Opp. at 16-17. Of course, that very sparseness—"The parents' allegations against the State duplicated claims that

3

had been included in separate class actions against the State, and the parents were members of those classes," 112 F. App'x at 91—merely underscores the ordinariness of the relief Defendants seek. Plaintiffs also do not explain why it matters that the *Mackey* litigation duplicated claims in two class actions instead of one.

Finally, Plaintiffs attempt to distinguish *Jiaming Hu* by pointing to a three-month gap between the two actions. Plaintiffs give no reason to draw a distinction between that gap and the two-month gap here. Plaintiffs also dispute that their claims are "common" to those of the named plaintiffs in *Miller*—a contention that the *Miller* court has already rejected. Plaintiffs critique *Aleman* as "not addressing a stay motion" but fail to acknowledge that the *Aleman* opinion included a description of the court's earlier stay order. Plaintiffs do not rebut either that the court entered a stay or that the stay was comparable to the one sought here. And Plaintiffs take issue with *Richard K.* only because much more time passed between the first and later suits. What Plaintiffs fail to do is confront the *reasons* warranting a stay in those cases, or to explain why they do not pertain here.

Indeed, Plaintiffs cannot rebut those reasons because they do warrant a stay here: "a party has no right to maintain two separate actions involving the same subject matter at the same time [and] against the same defendant." *Richard K.*, 2019 WL 3083019, *5-6. Allowing the later-filed, and less comprehensive suit to proceed would "undermine the efficiency goals of class litigation," including "preventing inconsistent adjudications." *Id.*; *see Blair*, 181 F.3d at 839 (staying or consolidating are "best means of avoiding wasteful overlap"); *Horns*, 922 F.2d 835 (allowing individual suit to proceed separately would "interfere with the 'orderly administration of [a similar] class action and risk inconsistent adjudications.'" (quoting *Gillespie*, 858 F.2d at 1103)). What was true in all of the many cases Defendants have identified—and as the district court recognized in granting Defendants' motions to stay in *Carpenter* and *Joyner*—is equally true here.

B.  The Stay Is Not of an "Immoderate" Duration Such that It Should Be Denied.

Given that all the relevant considerations weigh in favor of granting a stay, Plaintiffs take aim at the scope of the stay, arguing that stays of indefinite duration are disfavored as "immoderate." Opp. at 7-9.[2] Given that courts "routinely" stay individual claims by members of a certified class in pending litigation, this supposed rule clearly does not apply to the circumstances at bar. *Richard K.*, 2019 WL 3083019, at *7; *see* note 1, *supra*. Plaintiffs' argument does not apply because Plaintiffs' claims are not being indefinitely stayed. Rather, their claims are even now being litigated through the *Miller* class action. Thus, the requested stay, regardless of duration, would cause them no harm. *Aleman*, 2021 WL 917969, at *2 (explaining earlier-entered stay). "Should progress in the *Miller* case flounder" or Plaintiffs believe other events merit reconsideration of the stay's scope, "Plaintiff[s] can certainly seek an order lifting the stay[,] … adequately mitigat[ing] any fair possibility that the stay will work damage against Plaintiff." *Carpenter*, Ex. A, at 9.

**III.  Judicial Economy and the Balance of the Parties' Interests Favor a Stay.**

Contrary to Plaintiffs' unsupported arguments and as explained in the multitude of cases staying individual cases brought by class members, judicial economy and the parties' respective interests strongly favor a stay.

A.  Staying this case will conserve judicial resources and promote judicial comity.

Plaintiffs do not seriously dispute that staying this case will conserve the Court's time and resources. Instead, they attempt to mitigate the importance of this factor by noting that judicial

---

[2] The force of the case law upon which Plaintiffs rely is questionable, given the regularity with which courts stay litigation pending developments in other cases. *See, e.g.*, *United States v. Lasich*, No. 3:02-CR-00305-BR, 2017 WL 6542791, at *4 (D. Or. Dec. 21, 2017) (staying case pending outcome of Supreme Court decision).

5

economy alone may not be sufficient to grant a stay. Opp. at 13. Although in some cases prejudice to the non-moving party may outweigh judicial economy, this is not such a case.

For the reasons discussed in the Motion and as demonstrated by the numerous decisions staying individual cases in favor of class actions, the interests of judicial economy and the prejudice to Defendants from the absence of relief more than justify a stay in these circumstances.[3] Mot. at 8-14. Plaintiffs' only other argument is that the requested stay would not "streamline the issues" in this case because it would resolve the case in its entirety. *Id*. But that is not an argument for judicial economy; it is, in fact, the opposite, as it promotes duplicative litigation and threatens inconsistent rulings between this Court and the class action court. Those reasons demonstrate why courts routinely stay such parallel actions in favor or class resolution. *See Richard K.*, 2019 WL 3083019, at *7; *see also* note 1, *supra*.

B. <u>Plaintiffs Will Not Suffer Undue Prejudice from the Requested Stay.</u>

Plaintiffs will not be harmed by a stay. Their immediate interests are already protected by three preliminary injunctions, including one entered by the *Miller* court itself. *See, e.g.*, Order, *Faust v. Vilsack*, No. 21-548 (E.D. Wis.), ECF 49 (staying consideration of plaintiffs' motion for a preliminary injunction because plaintiffs "have the protection they seek" from a nationwide injunction of § 1005). And, like all class members, their long-term interests are represented by class counsel, whom *Miller* court found "will adequately represent the interests of class members similarly situated in zealously pursuing the requested relief." *Miller*, ECF 24-1, at 12.

---

[3] Plaintiffs falsely assert that Defendants' position current position that the Court should stay this litigation to let Plaintiffs' claims be litigated as part of the *Miller* classes is "a stark departure" from the position they took in opposing class certification in the first instance. Opp. at 14-15. To the contrary, Defendants' positions are entirely consistent. They disagreed with the *Miller* court's certification decision but believe that, given the existence of a certified class, Plaintiffs should not be able to proceed as both class members and individual litigants.

Three of Plaintiffs' four assertions of prejudice from the requested stay are based on their preferred choice of counsel, or on their disagreement with the litigation strategy adopted by class counsel. *See* Opp. at 9-13. For example, Plaintiffs assert that the "ideological rhetoric" of class counsel makes their representation inadequate, and they believe that class counsel "fundamental[ly] misunderstand[s] core equal protection principles" based on the arguments made and claims asserted in *Miller*. *Id*. at 10. Plaintiffs also criticize class counsel's decisions about which defendants to name, and what discovery to seek, as part of the litigation. *Id*. at 10-11.

But Plaintiffs' differences of opinion with class counsel does not outweigh the considerations in favor of a stay. *See Emerson*, 2018 WL 4380988, at *2 (granting stay when "representation by the counsel of her choice" was nonmovant's only alleged prejudice from "proceeding as a member of the [other action's] class"). Class members have limited control over litigation whenever a class is certified. Thus, as part of the certification in *Miller*, a district court already determined that class counsel (who obtained a preliminary injunction for their clients while Plaintiffs' complaint has been pending) "will adequately represent the interests of class members similarly situated in zealously pursuing the requested relief." Order 12, ECF 60. Any prejudice that Plaintiffs could possibly suffer because their counsel is not in control of the *Miller* proceedings is not sufficient to deny a stay here, as evidenced by the numerous decisions granting similar stays in the context of a concurrent class action. *See* Mot. at 12-14; *see also In re Cmty. Bank of N. Va.*, 622 F.3d 275, 305 (3d Cir. 2010), *as amended* (Oct. 20, 2010) (disagreement over litigation strategy does not make class counsel inadequate).

Rather, if Plaintiffs disagree with their class counsel in *Miller*, they should "assert any equitable or declaratory claims they have . . . by urging further action through the class representative and attorney . . . or by intervention in the class action." *Gillespie*, 858 F.2d at 1103.

7

What Plaintiffs cannot do is proceed both as class members and as plaintiffs in independent litigation because they would prefer to have control over their own case while simultaneously proceeding as class members in parallel litigation.[4] *Cf. Med. & Chiropractic Clinic, Inc. v. Oppenheim*, 981 F.3d 983, 992 (11th Cir. 2020) (certifying court alone decides Rule 23 questions).

The only other prejudice Plaintiffs allege from the grant of a stay is that their claims are supposedly different in relevant respects from the *Miller* class claims. Opp. at 10-11. Notably, Plaintiffs do not contest that they are members in the *Miller* classes or that Fifth Amendment claims are being litigated on their behalf in that case. Rather, Plaintiffs point to the fact that they, unlike the *Miller* class representatives, also raise a claim under the Administrative Procedure Act (APA). But Plaintiffs' entire basis for contending that the challenged conduct "violates the APA" is that they "violate the equal protection component of the Due Process Clause of the Fifth Amendment." ECF No. 1 ¶ 71. There is thus no substantive difference between the claims.

Further, as the Supreme Court explained in *Landis*, it is not necessary that "the parties to the two causes must be shown to be the same and the issues identical" for a stay to issue. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Jones v. Aranas*, 2020 WL 8881675, at *2 (D. Nev. Apr. 23, 2020) (staying individual's suit pending class action when only some claims overlapped). An "APA claim is largely duplicative of . . . [a] due-process claim" on the same basis. *Fikre v. FBI*, No. 3:13-CV-00899-BR, 2019 WL 2030724, at *7 (D. Or. May 8, 2019). The

---

[4] In a footnote, Plaintiffs state that they "intend to request to opt out of the *Miller* classes." Opp. at 12 n. 6. Defendants request for a stay, rather than dismissal, "accommodates the possibilit[y]" that the *Miller* court could grant a hypothetical future motion by Plaintiff to opt out of the classes or that the classes could be decertified. *Richard K.*, 2019 WL 3083019, at *8; *see also Thiele v. Energen Res. Corp.*, No. 15-cv-01475-DME-KLM, 2015 WL 13899009, at *2 (D. Colo. Dec. 7, 2015). Moreover, as the district court in *Carpenter* just recognized, any prejudice from a stay in favor of *Miller* "is speculative especially considering that Rule 23(b)(2) classes are 'mandatory classes' with no opt-out opportunity" and, regardless, "[s]hould Plaintiff seek and be permitted to opt-out, . . . Plaintiff may advise the Court and seek to lift the stay." Ex. A at 5-6.

8

two are so nearly identical that Senior Judge Anna J. Brown recently found that it would be futile to permit a plaintiff to amend a complaint to include an APA claim made on the same basis as a constitutional claim when the plaintiff did not "identify any potential remedy or other meaningful advantage that would be available to him if he were permitted to proceed with his APA claim." *Id*. Plaintiffs have likewise identified no meaningful benefit to having their duplicative APA claims heard.

The only difference in remedy that Plaintiffs cite is that they, also unlike the *Miller* representatives, are seeking $1 in damages. But the APA permits only "relief other than money damages." 5 U.S.C. § 702; *see generally Bowen v. Massachusetts*, 487 U.S. 879, 909-10 (1988) (interpreting "money damages"). So, to the extent Plaintiffs could have any entitlement to money damages as a form of remedy, it would not be pursuant to their APA claim. Moreover, Plaintiffs have not explained how the remedy of admittedly "nominal" damages could be such a meaningful benefit as to justify disrupting the ordinary course of class action litigation. ECF No. 1 at 17.

C. Defendants Will Suffer Undue Prejudice from the Requested Stay.

Without the requested stay, Defendants will be prejudiced by the risk of inconsistent outcomes in duplicative cases as well as being forced to spend time and resources on duplicative litigation. Either form of prejudice would be sufficient to support the requested stay.

Plaintiffs fail to address the prejudice from the possibility of inconsistent judgments from their claims being litigated both here and as part of the *Miller* class action. *See generally* Opp. at 12-13. By not responding to the point, Plaintiffs have conceded it. *See Yentz v. Nat'l Credit Adjusters, LLC*, No. 3:20-CV-01364-AC, 2021 WL 1277961, at *4 (D. Or. Feb. 15, 2021), *R&R adopted*, (D. Or. Apr. 6, 2021) (collecting cases). As such, there is no doubt that stay is warranted by the prejudice that would otherwise accrue to Defendants. *See Gillespie*, 858 F.2d at 1103.

Moreover, Plaintiffs' attempt to dispute that Defendants would suffer prejudice from the burdens of duplicative litigation is unpersuasive. First, Plaintiffs ask the Court to ignore the burdens duplicative litigation imposes on litigants because Defendants did not submit a declaration concerning those burdens. Opp. at 12. But it is unclear why the Court would need a declaration from Defendants to explain that litigation costs resources, from expending attorneys' limited time to paying expert witness fees. *See* Fed. R. Evid. 201(b) (judicial notice for facts generally known and not reasonably disputable). The absence of a declaration certainly did not preclude the court in *Carpenter* or *Joyner* from reaching this conclusion.

Second, Plaintiffs argue that the burdens of litigation should not count as prejudice for purpose of a stay motion, particularly for the federal government. Opp. at 13. This claim is difficult to reconcile with the many courts that have considered litigation costs when determining whether a moving party would be prejudiced absent a stay. *See, e.g.*, *Segovia v. Bristol-Myers Squibb Co.*, CV. No. 15-00519 DW-RLP, 2016 WL 7007482, at *3 (D. Haw. Nov. 30, 2016); *Wiedeman v. DePuy Orthopaedics, Inc.*, No. 2:12-CV-01169-MMD, 2012 WL 3536686, at *3 (D. Nev. Aug. 14, 2012). Litigation burdens on the government are no exception. *See, e.g.*, *NAACP v. U.S. Dep't of Homeland Sec.*, No. CV DKC 18-0239, 2020 WL 1331998, at *4–5 (D. Md. Mar. 23, 2020). As the *Carpenter* court explained on the same issue before the Court, "Defendants have made a case of hardship and inequity if required to defend against twelve cases simultaneously on varying schedules and in different jurisdictions," particularly in light of "the significance of the issues." *Carpenter*, Ex. A, at 7-8; *see also Joyner*, Ex. B, at 5 ("Not only will Defendants be prejudiced by litigating identical claims in two separate courts, but the judicial system itself will be harmed by the inefficiencies arising from such."). The federal government may be large, but the burden on it and its attorneys are no less real than other litigants'.

## II.     Judicial Comity, as Reflected in the First-to-File Rule, Favors a Stay.

The first-to-file rule supports the entry of a stay here. "The first-to-file rule is 'a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.'" *Ford v. [24]7.ai, Inc.*, 812 F. App'x 576, 577 (9th Cir. 2020) (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982)). Plaintiffs do not dispute that applying the first-to-file rule would result in their claims being stayed or dismissed.

Rather, Plaintiffs note that the rule guides district courts' discretion, rather than mechanically dictating outcomes, and contend that the Court should refuse to apply the rule here. Opp. at 14. In support of this contention, Plaintiffs make two arguments, neither of which has merit. First, Plaintiffs object to their claims being litigated in a forum other than the one in which their particular claims arose. *Id.* They do not, however, explain why a different forum would implicate "fairness considerations" or "equitable concerns" when Plaintiffs are alleging a challenge under federal constitutional law to a federal program with a uniform, nationwide impact. *Id.* (quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)).

Second, Plaintiffs assert that this Court should hold this case to decide their preliminary injunction motion because it is the "forum 'that is the most familiar with the governing law,' including the Ninth Circuit cases cited in Plaintiffs' Motion for Preliminary Injunction." Opp. at 14. The *Miller* court, however, has already substantively engaged with the legal questions in this case at the behest of Plaintiffs' class representative and issued a preliminarily injunction against disbursal of ARPA § 1005 funds, the same preliminary relief that Plaintiffs seek here. Further, other than perhaps Ninth Circuit procedural law, Plaintiffs do not identify any legal issues in this case about which the Court would have special familiarity. In short, Plaintiffs have offered no cogent reason that the Court should deviate from the first-filed rule.

## V. Defendants' Alternative Relief—a Stay of Briefing on Plaintiffs' Preliminary Injunction Motion—Is Also Appropriate.

In the event that the Court decides that this litigation should not be fully stayed so long as Plaintiffs are members of the *Miller* classes, it should nonetheless continue its stay of briefing on Plaintiffs' preliminary injunction motion, ECF No. 11. As the *Faust* court explained, there was "[n]o purpose" to the "[c]ourt issuing another order granting (or denying) the same nationwide relief)" as the existing injunction because the plaintiffs already had "the protection they seek." *See Faust*, ECF No. 49 at 3-4. Thus, litigating a motion for duplicative relief at this time would be wasteful of the Court's and the parties' time and resources.

Instead of engaging this point directly, Plaintiffs contend that the Court should follow the district court's denial of a stay in *Holman v. Vilsack*, No. 1:21-cv-01085 (W.D. Tenn. Aug. 2, 2021). *See* Opp. at 17-18. Initially, Defendants respectfully disagree with that decision, which relied on a misunderstanding of class members' ability to opt out of Rule 23(b)(2) classes. *See* note 3, *supra*. This Court should not compound that error, and the burden it imposes, by permitting additional duplicative motions practice. Further, the *Holman* decision turned on factors not present here, such as the availability of a specific Sixth Circuit precedent and those plaintiffs asserting a claim not premised on the equal protection violation underlying the class claims in *Miller*. Finally, the *Holman* litigation had advanced further than this litigation has, with that court having already issued a preliminary decision on the merits.

\* \* \*

For the foregoing reasons and those set forth in Defendants' Motion, the Court should stay this litigation.

DATED: August 23, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director
Federal Programs Branch

 /s/ Gary Feldon
EMILY SUE NEWTON
Senior Trial Counsel
KYLA M. SNOW
MICHAEL F. KNAPP
GARY D. FELDON (DC Bar #987142)
Trial Attorneys
United States Department of Justice, Federal Programs Branch
1100 L Street NW, Room 11104
Washington, DC 20530
Tel.: (202) 598-0905
Email: gary.d.feldon@usdoj.gov

*Counsel for Defendants*